# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TRUSTMARK LIFE INSURANCE COMPANY**            **PLAINTIFF**

v.            Case No. 3:19-cv-00224 KGB

**CARLA WILLIS,** *et al.*            **DEFENDANTS**

## PROTECTIVE ORDER

Before the Court is an unopposed motion for entry of agreed protective order filed by plaintiff Trustmark Life Insurance Company ("Trustmark") (Dkt. No. 25). The parties to this action anticipate discovery in this case will include the exchange of confidential information and proprietary information, including but not limited to, sensitive business, financial, and medical information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (*Id.*). Trustmark requests that the Court enter the proposed Agreed Protective Order attached to its motion to protect the confidentiality of the documents exchanged among the Parties in this matter and to facilitate the filing of any such confidential information with the Court under seal, if necessary (Dkt. Nos. 25, 25-1). The Court grants Trustmark's unopposed motion for protective order, consistent with the following terms (Dkt. No. 25-1).

1. This Order ("Protective Order") is made to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that protection is afforded to material entitled to confidential treatment under all applicable state and federal law including, without limitation, the Health Insurance Portability and Accountability Act ("HIPAA") and the Gramm Leach Bliley Act.

2. This Protective Order governs any document, data, information, or other materials, whether physical or electronic (collectively, "Information") including but not limited to

Information that may be trade secret, confidential or proprietary, sensitive medical information covered by HIPAA and/or the Gramm Leach Bliley Act, and all financial statements produced by any party to any other party in discovery in the above-entitled action (the "Lawsuit"). It also includes any non-party who receives a subpoena in connection with the Lawsuit. The Information protected by this Protective Order includes, but is not limited to, Information in answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in the Lawsuit that are designated by a party as "Confidential" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. The Parties agree that any Information obtained through discovery in this Lawsuit shall be used solely by the Parties to this litigation for purposes of the Lawsuit. Nothing contained herein shall affect or limit any Party's right to obtain documents or information outside of discovery in the Lawsuit as provided by contract or applicable law.

      3.     A Party may designate as "Confidential" any testimony, documents, discovery responses, records, or tangible things served or produced by that Party in the Lawsuit, which the Party so designating in good faith asserts contain, reflect, refer to, disclose, or constitute any confidential, financial, business, trade secret, client, personal, or proprietary information. However, "Confidential" information and documents shall not include information or documents that are (a) in the public domain, (b) general knowledge, (c) obtained from other non-confidential sources, or (d) independently developed. Information designated as "Confidential" shall be referred to herein as "Confidential Information." In order to designate documents, records, or tangible things as containing Confidential Information, the producing Party shall stamp each page

of such material as "Confidential," and in the case of information produced in electronic format the producing party shall stamp the CD containing the electronic data as "Confidential."

4. The Parties shall not disclose or use any Confidential Information other than in accordance with the terms and conditions of this Protective Order.

5. Confidential Information shall not be used for any purpose other than the prosecution, defense, or appeal of the Lawsuit. No one shall be permitted access to Confidential Information for any reason other than the conduct of the Lawsuit, except that a Party may use its own Confidential Information for any purpose.

6. Materials designated as Confidential Information received by a Party in the Lawsuit may only be disclosed to the following:

  (a) The receiving Party's counsel of record and their paralegal, secretarial, and clerical assistants;

  (b) The Court (including Court personnel and jurors) in accordance with paragraph 8 of this Protective Order;

  (c) Court reporters who record depositions or other testimony in the Lawsuit;

  (d) Any court-appointed mediators and their paralegal, secretarial, and clerical assistants;

  (e) The receiving Party, in-house counsel, employees, agents, and representatives for the receiving Party who are actively involved in assisting counsel for the receiving Party in the prosecution or defense of this action, and their paralegal, secretarial, and clerical assistants;

  (f) Third-party consultants and independent technical experts retained by counsel for the receiving Party for the conduct of the Lawsuit so long as they first sign the

Declaration attached as Exhibit 1 (which shall be retained by counsel) and thereby agree to be bound by the Protective Order;

(g) Witnesses at the final hearing or trial in the Lawsuit, or in preparation for the final hearing or trial, or at a deposition in the Lawsuit or in preparation for such a deposition, and the counsel representing the witness in connection with the hearing, trial, or such a deposition, but only to the extent that the disclosing counsel determines in good faith that such disclosure is necessary for purposes of asking questions at the hearing, trial, or the deposition or preparing therefore;

(h) Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing, or retrieving data, documents, or other information, or designating programs for handling data connected with the Lawsuit, including the performance of such duties in relation to a computerized litigation support system so long as they first sign the Declaration attached as Exhibit 1 (which shall be retained by counsel) and thereby agree to be bound by the Protective Order;

(i) Any other person the Court may designate by order, after notice to all parties and hearing.

7. Confidential Information may be designated in deposition proceedings in the Lawsuit as follows: If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within fourteen (14) business days after the deposition transcript is received by that Party, designate in writing to opposing counsel the portions of the deposition and/or deposition exhibits that are being designated as Confidential Information.

8. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Lawsuit who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony as Confidential Information pursuant to this Protective Order.

9. Pursuant to 45 C.F.R. §§ 164.512(1)(e)(i), (1)(e)(ii)(B), and (1)(e)(v), private medical, personal identifying, or financial information exchanged or obtained at any time during this Lawsuit through formal or informal discovery that is encompassed or claimed to be encompassed within the protections afforded under HIPAA ("HIPAA Material"), including without limitation information produced by the Parties to this Lawsuit or by third parties responding to subpoenas served in this Lawsuit, shall be treated as Confidential Information. The Parties further stipulate that they are prohibited from using or disclosing any such HIPAA Material for any purpose other than for this Lawsuit (unless required by law).

10. Pursuant to the Gramm Leach Bliley Act, and specifically, the judicial process exemption provisions of 15 U.S.C. § 6802(e)(8), the disclosure of documents and information potentially falling within the scope of 15 U.S.C. § 6802 by Parties to this Lawsuit or persons and entities served with subpoenas in this Lawsuit, shall take place without the necessity of compliance with the prior notice provisions of 15 U.S.C. § 6802(a) or (b). All such disclosures shall be considered Confidential Information subject to the terms of this Protective Order.

11. Further, the Court finds that the public filing of documents reflecting Confidential Information including the medical history, treatment or conditions; health history, treatment, or conditions; personal and/or business financial data; financial records; other personal and private information revealed in insurance applications and/or underwriting files; and other private

medical, personal identifying, or financial information protected by HIPAA, the Gramm Leach Bliley Act, or other applicable state or federal law protecting privacy interests poses specific, serious, and substantial threats that outweigh the presumption of openness and the absence of any less restrictive means than sealing records to adequately and effectively protect such interests. The state and legislative protections provided for such information evidences the importance placed on the preservation of such privacy interests, justifying the entry of this Protective Order. Accordingly, in the event a Party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Lawsuit, such Confidential Information therein shall either be filed under seal, upon prior order of the Court obtained in accordance with the Federal Rules of Civil Procedure, or electronically filed in a redacted form with unredacted copies contemporaneously provided to the Parties and submitted to the Court for in camera review without the necessity of further notice at the time of such filing. Any documents or materials exchanged in this manner shall be placed in a sealed envelope or other appropriately sealed container on which shall be stated (a) the name and caption of the Lawsuit; (b) the name of the Party producing the sealed envelope or container; and (c) a statement in the following form:

> This envelope is sealed pursuant to a protective order and is not to be opened nor the contents displayed or revealed to anyone other than counsel of record in this action or employees and agents of the Court, except pursuant to stipulation of the producing Party or order of the Court.

The Parties reserve the right to oppose sealing of any Court records containing any other Party's Confidential Information.

12. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party or person with respect to any information produced. The fact that any materials are designated Confidential Information pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material.

The fact that materials are designated as Confidential Information pursuant to this Protective Order shall not affect what a trier of fact in the Lawsuit or any other proceeding may find to be confidential or proprietary.

13. The inadvertent failure to designate or withhold any information as Confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing Party from designating such information as Confidential Information at a later date. The information must be treated by the receiving Party as Confidential Information from the time the receiving Party is notified in writing of the change in the designation.

14. A Party may challenge another Party's designation of materials as Confidential Information only by requesting in writing that the designating Party change the designation. The designating Party will then have fifteen (15) business days after receipt of a challenge notice to advise the receiving Party whether or not it will change the designation. If the Parties are unable to reach an agreement after the expiration of this fifteen-day (15) time-frame, the receiving Party may at any time thereafter file a motion with the Court and seek an order to alter the designated status of the Confidential Information. Until any dispute under this paragraph is ruled on, the designation will remain in full force and effect, and the Confidential Information will continue to be accorded the treatment required by this Protective Order.

15. Other than as provided in Paragraph 13, neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim, or defense by a Party.

16. Other than as specifically provided herein, this Protective Order does not expand or limit the scope of discovery or the rights and the obligations of any Party with respect thereto in the Lawsuit or any other proceeding.

17. In the event a Party intends to use Confidential Information at trial, the Parties shall attempt to agree on what protections, if any, shall govern the use of Confidential Information, such as seeking an instruction to the jury that Confidential Information may not be discussed or used for any purpose other than this Lawsuit, and if they cannot agree, shall submit the issue to the Court for determination prior to the Pretrial Management Conference. Confidential Information shall not be offered or admitted without first providing an opportunity to the Party whose Confidential Information is at issue to seek a sealing order pursuant to the Federal Rules of Civil Procedure, the procedures, timing, and/or hearing for which shall be determined by the Court at or before the Pretrial Management Conference. The Parties reserve the right to oppose sealing of any Court records containing any other Party's Confidential Information.

18. Within thirty (30) days after final termination of the Lawsuit and any subsequent appeals, counsel for a Party who has received Confidential Information from another Party will return all such materials in its possession, custody, or control, and all portions, summaries, abstracts, indices, or copies thereof (except to the extent that any of the foregoing includes or reflects such counsel's work product) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all of such Confidential Information has been destroyed. Any materials retained which contain, refer, or relate to Confidential Information shall continue to be governed by the terms of this Protective Order.

19. This Protective Order may be amended or modified only by written agreement of the Parties or further order of this Court. This Protective Order will be enforced by any sanctions

available to the Court under the Federal Rules of Civil Procedure. All other remedies available to any person injured by violation of this Protective Order are fully reserved. Any Party may petition the Court for good cause shown if the Party desires relief from a term or condition of this Protective Order.

It is so ordered this 28th day of January, 2020.

Kristine G. Baker
United States District Judge